[Nos. 7270–6–I; 7539–0–I;    Division One.           June 22, 1981.]
   8045–8–I.

GOLDEN HORSE FARMS, INC., *Plaintiff*, v. JOE PARCHER,
   ET AL, *Defendants*, PENM FINANCIAL SERVICES,
      LTD., ET AL, *Respondents*, NATIONWIDE
         REALTY SERVICE, LTD., ET AL,
               *Appellants*.

*Mucklestone & Mucklestone, John P. Mucklestone,* and
*Barry A. Keech,* for appellants.

*Smith, Rosellini & Carpenter* and *Timothy W. Carpenter,* for respondents.

CALLOW, J.—Nationwide Realty Service, Ltd. appeals
from a judgment awarded to Penm Financial Services, Ltd.

for $104,459.86, representing principal and interest on three promissory notes, court costs, and attorney's fees. Both companies are Canadian corporations. The trial court also ordered a mortgage foreclosed on property in Whatcom County owned by Golden Horse Farms, Inc., a Washington corporation. Golden Horse had mortgaged the property to Nationwide, which assigned its interest to Penm. Robert Hannes Nelson, a Canadian citizen, is president of Golden Horse and Nationwide.

The three promissory notes are corporate obligations of Nationwide, signed by Nelson in his capacity as president. Nelson, as an individual, is not obligated on the notes. The trial court expressly refused to find "[t]hat the affairs of Golden Horse Farms, Inc., and Nationwide Realty Services, Ltd., have been conducted by Robert Hannes Nelson as a single entity." The court also refused to conclude "[t]hat the corporate fiction of separate entities for Golden Horse Farms, Inc., and Nationwide Realty Services, Ltd., shall be disregarded so as to avoid injustice."

Nationwide transferred its mortgage on the Whatcom County property to Penm by assignments dated July 8, 1977 (½ interest), September 14, 1977 (¼ interest), and October 24, 1977 (¼ interest). The promissory notes from Nationwide to Penm accompanying each assignment were payable in Canadian funds. The first note for $56,250 bore a 13 percent interest rate; the second and third notes, each for $23,125, bore a 14 percent interest rate. Nationwide defaulted on all three notes in July 1978, entitling Penm to declare the notes due and payable immediately.

Nationwide argues on appeal that it is entitled to an offset on the judgment because the three promissory notes provided for interest rates above the 12 percent limit set forth in RCW 19.52.020. Corporations may not assert the usury defense if the loan was exclusively for commercial or business purposes unless the loan was for $50,000 or less. RCW 19.52.080. For the purposes of this appeal, we accept Nationwide's assertion that the promissory note for $56,250 in Canadian funds equals $48,937.50 in United States dol-

lars.

Penm argues that Washington usury law does not apply to these notes because British Columbia was the situs of the transactions and because the parties agreed that B. C. law would control the validity of the interest rates. The promissory notes each provided:

It is agreed that the principals of NATIONWIDE REALTY SERVICE LTD. are Canadian citizens and that the lendor herein is a Canadian corporation and both parties are fully aware of the laws of the State of Washington governing interest on loans. The parties hereby further state that all negotiations have taken place in British Columbia and that the parties fully agree that they wish to be bound by the laws of British Columbia governing interest on negotiable security.

Penm's position is persuasive.

O'Brien v. Shearson Hayden Stone, Inc., 90 Wn.2d 680, 687, 586 P.2d 830 (1978), reconsidered, 93 Wn.2d 51, 605 P.2d 779 (1980), approved the choice of law principle stated in Restatement (Second) of Conflict of Laws § 203 (1971).

The validity of a contract will be sustained against the charge of usury if it [1] provides for a rate of interest that is permissible in a state to which the contract has a substantial relationship and [2] is not greatly in excess of the rate permitted by the general usury law of the state of the otherwise applicable law under the rule of § 188 [Law Governing in Absence of Effective Choice by the Parties].

The initial O'Brien opinion, 90 Wn.2d 680, refused to uphold the parties' choice of New York law to govern the interest rates charged Washington residents who maintained margin accounts with the defendant brokerage firm. Under the margin account agreement, with its choice of law provision, the broker charged interest at fluctuating rates, which could rise as high as 25 percent under New York law. The second O'Brien decision, 93 Wn.2d 51, explained that, under Restatement, supra § 203, comment a,

the fact that New York authorizes up to 25 percent

interest is immaterial if the rate of interest stipulated or provided for in the contract is not greatly in excess of that permitted by the laws of Washington, *i.e.,* 12 percent. Thus, even though the contract was governed by New York law, if it had a provision/stipulation that 13 or 14 percent would be the highest rate permitted, the contract would be valid.

*O'Brien v. Shearson Hayden Stone, Inc.,* 93 Wn.2d at 52.

The first *O'Brien* opinion directed the trial court on remand to divide the certified class into subclasses. Washington usury law would govern the interest rates charged Washington residents who contracted and negotiated with, made payments to, and maintained accounts at the broker's Washington offices. California law, however, would govern the accounts Washington residents maintained at the broker's Los Angeles office. Under Restatement (Second) of Conflict of Laws § 188(2) (1971) (Law Governing in Absence of Effective Choice by the Parties), California had the most significant relationship to the contracts. *O'Brien v. Shearson Hayden Stone, Inc.,* 90 Wn.2d at 687–88. The court noted that the state "held in a similar situation that the New York usury law would be applied to the contract." *O'Brien v. Shearson Hayden Stone, Inc.,* 90 Wn.2d at 688 (citing *Gamer v. duPont Glore Forgan, Inc.,* 65 Cal. App. 3d 280, 135 Cal. Rptr. 230 (1976)).

The first *O'Brien* opinion did not mention RCW 19.52-.034. The statute provides:

> Whenever a loan or forbearance is made outside Washington state to a person then residing in this state the usury laws found in chapter 19.52 RCW, as now or hereafter amended, shall be applicable in all courts of this state to the same extent such usury laws would be applicable if the loan or forbearance was made in this state.

The statute is not pertinent to the resolution of this action because Nationwide, the payor, is a Canadian corporation, not "a person then residing in this state". The record does not show that Nationwide is authorized to do business in this state as a foreign corporation. *See* RCW 23A.32. More-

over, Nationwide has not claimed that it falls within the protection of RCW 19.52.034. RCW 19.52.034 calls into question the reliance of the first *O'Brien* opinion on the "most significant relationship" test in Restatement, *supra* § 188. *Whitaker v. Spiegel, Inc.*, 95 Wn.2d 661, 667–68, 623 P.2d 1147, 637 P.2d 235 (1981), explained the effect of RCW 19.52.034.

> In an interstate loan transaction, the Washington courts are not free to engage in conflict of law analysis to determine whether or not the parties' own choice of law provision should apply. Rather, the legislature has directed that, in an action brought in Washington on an allegedly usurious transaction, Washington's usury law will apply if the debtor was a resident of Washington at the time the loan was made, even if the loan was made outside the state.

The plaintiffs in *O'Brien* with accounts in California "lived in this state during the time pertinent to [their] case". *O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wn.2d at 687.

RCW 19.52.034 does not apply. The contract will be upheld against the charge of usury. Restatement, *supra* § 203. Nationwide does not dispute Penm's assertion that interest rates of 13 and 14 percent are permissible in British Columbia. The promissory notes, payable in Canadian funds, have a substantial relationship to the province. The contract negotiations took place in British Columbia, where Penm's president resides and where Penm is registered; Nationwide is a Canadian corporation and its president a Canadian citizen. Penm's president first telephoned Nationwide's president in response to ads placed in a Vancouver, B. C. newspaper. Finally, even assuming that Washington is "the state of the otherwise applicable law" under Restatement, *supra* § 188, 13 and 14 percent interest rates are not "greatly in excess" of the 12 percent Washington limit. *O'Brien v. Shearson Hayden Stone, Inc.*, 93 Wn.2d at 52.

The judgment is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied August 27, 1981.

Review denied by Supreme Court November 6, 1981.